# OFFICIAL FORM 3
## PRE-CONFIRMATION CHAPTER 13 PLAN

### CHAPTER 13 PLAN

Docket No.: _____

DEBTORS:    (H)  **Marie K Baptiste** _____    SS#  **xxx-xx-8211** _____

(W) _____    SS# _____

## I. PLAN PAYMENT AND TERM:

Debtor's shall pay monthly to the Trustee the sum of $ **375.00** for the term of:

☐ 36 Months. 11 U.S.C. § 1325(b)(4)(A)(i);

☒ 60 Months. 11 U.S.C. § 1325(b)(4)(A)(i);

☐ 60 Months. 11 U.S.C. § 1322(d)(2). Debtor avers the following cause:

_____

☐ ____ Months. The Debtor states as reasons therefore:

_____

## II. SECURED CLAIMS

A. Claims to be paid through the plan (including arrears):

| Creditor | Description of Claim (pre-petition arrears, purchase money, etc.) | Amount of Claim |
|---|---|---|
| **Avon Coop Bank** | **Pre-petition arrears** | $ 9,200.00 |

Total of secured claims to be paid through the Plan  $   9,200.00

B. Claims to be paid directly by debtor to creditors (Not through Plan):

| Creditor | Description of Claim |
|---|---|
| **Avon Coop Bank** | Country Club Drive - First Mortgage - Investment |
| **Bank of Canton** | 102 West Spring - First Mortgage - Home |

C. Modification of Secured Claims:

| Creditor | Details of Modification (Additional Details May Be Attached) | Amt. of Claim to Be Paid Through Plan |
|---|---|---|
| Avon Coop Bank | Cram down to value | See unsecured portion in section V |

D. Leases:

    i. The Debtor(s) intend(s) to reject the residential/personal property lease claims of **-NONE-**

    ; or

    ii. The Debtor(s) intend(s) to assume the residential/personal property lease claims of **-NONE-**.

    iii. The arrears under the lease to be paid under the plan are **0.00**.

## III. PRIORITY CLAIMS

A. Domestic Support Obligations:

| Creditor | Description of Claim | Amount of Claim |
|---|---|---|
| **-NONE-** | | $ |

B. Other:

| Creditor | Description of Claim | Amount of Claim |
|---|---|---|
| **Town of Randolph** | **property taxes - Country Club Drive** | $ **8,312.38** |
| | Total of Priority Claims to Be Paid Through the Plan | $ **8,312.38** |

## IV. ADMINISTRATIVE CLAIMS

A. Attorneys fees (to be paid through the plan):     $ **0.00**

B. Miscellaneous fees:

| Creditor | Description of Claim | Amount of Claim |
|---|---|---|
| **-NONE-** | | $ |

C. The Chapter 13 Trustee's fee is determined by Order of the United States Attorney General. The calculation of the Plan payment set forth utilizes a 10% Trustee's commission.

## V. UNSECURED CLAIMS

The general unsecured creditors shall receive a dividend of **1.29** % of their claims.

A. General unsecured claims:     $ **113,539.00**

B. Undersecured claims arising after lien avoidance/cramdown:

| Creditor | Description of Claim | Amount of Claim |
|---|---|---|
| **Avon Coop Bank** | Cram down Country Club to value of $327,0000 | $ **98,743.45** |

C. Non-Dischargeable Unsecured Claims:

| Creditor | Description of claim | Amount of Claim |
|---|---|---|
| **-NONE-** | | $ |

Total of Unsecured Claims (A + B + C):     $ **212,282.45**

D. Multiply total by percentage: $ **2,737.62**
(Example: Total of $38,500.00 x .22 dividend = $8,470.00)

E. Separately classified unsecured claims (co-borrower, etc.):

| Creditor | Description of claim | Amount of claim |
|---|---|---|
| -NONE- | | $ |

Total amount of separately classified claims payable at ____%     $ _____ **0.00**

## VI. OTHER PROVISIONS

A. Liquidation of assets to be used to fund plan:

B. Miscellaneous provisions:
**Special Intentions:**
**Bank of America Home Loan Servicing: Debtor is surrendering the Property located at 1425 Spyglass Hill drive in Duluth, GA to Creditor in full satisfaction of the secured claim. Creditor shall be allowed an unsecured claim for the deficiency balance owed.**

## VII. CALCULATION OF PLAN PAYMENT

| | | |
|---|---|---|
| a) Secured claims (Section II-A&D Total): | $ | 9,200.00 |
| b) Priority claims (Section III-A&B Total): | $ | 8,312.38 |
| c) Administrative claims (Section IV-A&B Total): | $ | 0.00 |
| d) Regular unsecured claims (Section V-D Total): | $ | 2,737.62 |
| e) Separately classified unsecured claims: | $ | 0.00 |
| f) Total of a + b + c + d + e above: | =$ | 20,250.00 |
| g) Divide (f) by .90 for total including Trustee's fee: | | |
| Cost of Plan= | $ | 22,500.00 |

(This represents the total amount to be paid into the chapter 13 plan)

h. Divide (g), Cost of Plan, by Term of plan,                                          **60** months
i. Round up to nearest dollar for Monthly Plan Payment:    $         **375.00**

(Enter this amount on page 1)

Pursuant to 11 U.S.C. § 1326(a) (1), unless the Court orders otherwise, a debtor shall commence making the payments proposed by a plan within thirty (30) days after the plan is filed.
Pursuant to 11 U.S.C. §1326(a)(1)(C), the debtor shall make preconfirmation adequate protection payments directly to the secured creditor.

## VIII. LIQUIDATION ANALYSIS

A. Real Estate:

| Address | Fair Market Value | Total Amount of Recorded Liens (Schedule D) |
|---|---|---|
| **102 West Spring St**<br>**Avon, MA 02322**<br>**May 2007** | $ 330,000.00 | $ 132,020.79 |
| **30-32 Country Club Drive**<br>**Randolph, MA 02368** | $ 327,000.00 | $ 425,743.45 |
| **Land**<br>**1425 Spyglass Hill Drive**<br>**Duluth, GA** | $ 170,000.00 | $ 192,189.61 |

Total Net Equity for Real Property:     $    197,979.21
Less Exemptions (Schedule C):           $    197,979.21
Available Chapter 7:                    $           0.00

B. Automobile (Describe year, make and model):

-NONE-                        Value $ _____    Lien $ _____    Exemption $ _____

Total Net Equity:                       $    0.00
Less Total Exemptions (Schedule C):     $    0.00
Available Chapter 7:                    $    0.00

C. All other Assets (All remaining items on Schedule B):   (Itemize as necessary)
cash
**Canton Bank**
**checking xxxx5999**
**Bank of America**
**checking**
**Avon Coop Bank**
**checking xxx2842**
**Household goods**
clothes
two term life policies
**403B**

Total Net Value:                        $  33,402.68
Less Total Exemptions (Schedule C):     $  33,037.68
Available Chapter 7:                    $     365.00

D. Summary of Liquidation Analysis (total amount available under Chapter 7):

Net Equity (A and B) plus Other Assets (C) less all claimed exemptions:   $           365.00

E. Additional Comments regarding Liquidation Analysis:


IX. SIGNATURES

Pursuant to the Chapter 13 rules, the debtor or his or her counsel is required to serve a copy of the Plan upon the Chapter 13 Trustee, all creditors and interested parties, and to file a Certificate of Service accordingly.

/s/ Douglas M. Surprenant                           January 17, 2011
**Douglas M. Surprenant**                           Date
Debtor's Attorney
Attorney's Address:  **40 S. Franklin St**
                     **Holbrook, MA 02343**
         Tel. #:     **781-767-9300 Fax:781-767-9303**
         Email Address:  **dougcanhelp@aol.com**

I/WE DECLARE UNDER THE PENALTIES OF PERJURY THAT THE FOREGOING REPRESENTATIONS OF FACT ARE TRUE AND CORRECT TO THE BEST OF OUR KNOWLEDGE AND BELIEF.


Date  **January 17, 2011**                Signature   **/s/ Marie K Baptiste**
                                                      **Marie K Baptiste**
                                                      Debtor

## CERTIFICATE OF SERVICE

**The undersigned hereby certifies** that I electronically filed this First Amended Chapter 13 Plan with the United States Bankruptcy Court for the District of Massachusetts using the CM/ECF system and thus electronically served the within documents on the following interested parties:

- Carolyn Bankowski-13    13trustee@ch13boston.com
- John Fitzgerald    USTPRegion01.BO.ECF@USDOJ.GOV
- Boulders Condominium Association Erik Shaughnessy    eshaughnessy@meeb.com
- Doug Surprenant    DS5848@aol.com

**Manual Notice List** Served by U.S. Mail:

Avon Co-op Bank 1 east Main St, Avon, MA 02322

Marie Baptiste 102 west Spring St Avon, MA 02322

_____        January 17, 2011
Doug Surprenant, Esq.